Caroline R. Djang (State Bar No. 216313)
RUTAN & TUCKER, LLP
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035
Email: cdjang@rutan.com

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-43566 |
| Leigh Andrea Barnett, | Chapter 13 |
| Debtor(s). | **NOTICE OF MOTION AND MOTION OF CAPITAL ONE AUTO FINANCE FOR ENTRY OF AN ORDER (1) REOPENING CASE, (2) RESTRICTING PUBLIC ACCESS TO UNREDACTED DOCUMENTS, AND (3) TO RE-CLOSING BANKRUPTCY CASE** |

### NOTICE

**TO THE DEBTOR, THE DEBTOR'S COUNSEL (OR FORMER COUNSEL), THE CHAPTER 13 TRUSTEE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that Capital One Auto Finance, a Division of Capital One, N.A. ("*Capital One Auto Finance*" or the "*Movant*") has filed a motion ("the "*Motion*") asking the Court for entry of an Order: (i) Reopening Case, (ii) Restricting Public Access to Unredacted Documents, and (iii) Re-closing the Bankruptcy Case. The purpose of the Motion is to restrict from public access certain personally identifiable information that was inadvertently included in the following document(s) filed in the

above-referenced bankruptcy case that should have been redacted pursuant to Bankruptcy Rule 9037:  **Proof of Claim No. 8-1.**

**PLEASE TAKE FURTHER NOTICE that pursuant to an Order filed in a related miscellaneous proceeding, the Court has determined that this Motion may be considered without a hearing or the opportunity for objection.**  *See* **Case No. 13-00106 at Docket No. 7.**

>Respectfully submitted February 10, 2014
>
>  /s/ Caroline R. Djang
>Caroline R. Djang
>RUTAN & TUCKER, LLP
>
>*Attorneys for Capital One Auto Finance a Division of Capital One N.A.*

[REMAINDER INTENTIONALLY BLANK]

# MOTION

Capital One Auto Finance, a Division of Capital One, N.A. ("**Capital One Auto Finance**" or the "**Movant**") files this *Motion to (i) Reopen Bankruptcy Case, (ii) Restrict Public Access to Unredacted Documents, and (iii) Re-close Bankruptcy Case*, for the purpose of restricting public access to **Proof of Claim No. 8-1** (the **"Unredacted Documents"**), filed in the above-referenced bankruptcy case (the "**Case**"). In support of this Motion, the Movant would respectfully show the Court as follows:

## Jurisdiction

1. This Court has jurisdiction over the relief requested in this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding. The relief sought herein may be granted pursuant to § 107 of title 11 of the United States Code (the "**Bankruptcy Code**") and Federal Rule of Bankruptcy Procedure 9037.

## Factual Background

2. Prior to the initiation of the Case, Capital One Auto Finance provided a closed-end term loan secured by an automobile ("**Loan**") to the above-captioned debtor (the "**Debtor**"). Upon the initiation of the Case, an independent, third-party contractor electronically filed the Unredacted Documents on behalf of Capital One Auto Finance.

3. The Unredacted Documents, however, disclosed certain personally identifiable information that should have been redacted pursuant to Bankruptcy Rule 9037.

4. The Bankruptcy Case was subsequently closed.

5. On December 17, 2013, Capital One Auto Finance filed an *Ex Parte Motion to Restrict Access to Unredacted Documents* (the "**Miscellaneous Motion**") in the miscellaneous proceeding bearing case number 13-00106 pending before this court.

6. On January 24, 2014, the court entered an order granting the Miscellaneous Motion (the "Authorizing Order") in which the court authorized Capital One Auto Finance to file this joint motion seeking to reopen the Bankruptcy Case and restrict public access to the Unredacted Documents.

7. This Motion is being filed in accordance with the Court's instructions provided in the Miscellaneous Order.

**Relief Requested & Legal Analysis**

8. The Movant seeks entry of an order reopening the Bankruptcy Case for the limited purpose of having the Unredacted Documents restricted from public access, authorizing the redaction of PII from the Unredacted Documents and directing the Clerk of the Court to restrict public access to these documents as originally filed, whether electronically or manually, so that the PII is not available to public access..

9. Pursuant to Fed. R. Bankr. P. 9037(a), unless the Court directs otherwise, a party making an electronic filing may include personally identifiable information ("*PII*") only in redacted form as follows: the last four digits of a consumer's financial-account number or social security number, the year of an individual's date of birth, and the initials of any minor. The third party contractor's failure to redact the PII from the Unredacted Documents in accordance with Fed. R. Bankr. P. 9037(a) was a mistake that Capital One Auto Finance, upon learning of the mistake, seeks to remedy. Further, Fed. R. Bankr. P. 9037(d) states that for "cause," this Court may "limit or prohibit a nonparty's remote electronic access to a document filed with the court." Movant believes that cause exists for the Court to limit remote electronic access to the Unredacted Documents because such relief is necessary to ensure compliance with Fed. R. Bankr. P. 9037(a).

10. The Bankruptcy Case is closed, therefore, the Court requires the Bankruptcy Case to be reopened in order for the Unredacted Documents to be restricted. Section 350 of the Bankruptcy Case permits the Bankruptcy Case to be reopened "for cause." 11 U.S.C. § 350(b). Because the Court's procedures require the Bankruptcy Case to be reopened to seal the Unredacted Documents pursuant to Bankruptcy Rule 9037, Capital One submits that cause exists to reopen the Bankruptcy Case. Capital One further submits that the Bankruptcy Case should be immediately re-closed to ensure that the reopening of the Bankruptcy Case has no material effect on any affected parties.

11. Federal Rule of Bankruptcy Procedure 5010 provides that a bankruptcy trustee shall not be appointed in a reopened case unless the Court "determines a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case." Fed. R. Bankr. P. 5010. Because Capital One proposes to immediately re-closing the Bankruptcy Case, no trustee is necessary.

12. Movant does not intend for this requested relief to have any substantive effect upon the Debtor, the Debtor's estate, Capital One Auto Finance or its claim(s), other assignees, or any other creditors or parties-in-interest. The motion and the entry of a protective order to prevent public access will not impact the substantive rights of the Debtor, any creditor, or any other party in interest.

13. In accordance with the terms of the Authorizing Order, this Motion will be served by U.S. Mail, postage prepaid only on the Debtor, Debtor's counsel or former counsel, the chapter Trustee and the Office of the United States Trustee (the "Notice"). Pursuant to the terms of the Authorizing Order, an order granting this Motion may be entered without providing the Notice parties an opportunity for objection or a hearing.

14. Capital One Auto Finance will offer the Debtors and any other individual whose PII was included in the Unredacted Document (the "Notice Party") credit monitoring without cost for a period of twelve (12) months. Each Notice Party will have one hundred and twenty days (120) days from the date of the Notice to accept the offer set forth in the Notice. Such credit monitoring will begin as of the date Capital One Auto Finance is informed that the Notice Party accepts Capital One Auto Finance's offer. The credit monitoring service provided will consist of credit monitoring administered by at least one of the three major creditor bureaus and will provide, if the Notice Party requests, email alerts to the Notice Party of critical changes in the individual's credit reporting information throughout the twelve month time period.

15. Capital One Auto Finance further requests that the Court require the Clerk of this Court, after entry of the protective order, to retain the original Unredacted Documents for access by the applicable debtors, the debtors' counsel, the U.S. Trustee and any applicable case trustee and such trustee's counsel upon request by any such party, consistent with the procedures of this Court.

16. Finally, Capital One Auto Finance apologizes for the administrative burdens caused by the third party error, and wishes to express its gratitude to the Court, its staff, and the debtors and trustees in this Bankruptcy Case for their patience and cooperation in this matter.

WHEREFORE, Capital One Auto Finance respectfully requests that the Court grant this Motion and (i) Reopen the Bankruptcy Case, (ii) Restrict Public Access to Unredacted Documents, and (iii) Re-close the Bankruptcy Case, and requests such other relief as may be proper.

Respectfully submitted February 10, 2014

   /s/ Caroline R. Djang
Caroline R. Djang
RUTAN & TUCKER, LLP

*Attorneys for Capital One Auto Finance a Division of Capital One N.A.*

# DECLARATION OF CAROLINE R. DJANG

1. I, Caroline R. Djang, am an attorney at law duly licensed to practice before all Courts of the State of California including this Court. I am an associate with the law firm of Rutan & Tucker, LLP, attorneys of record for the Movant herein.

2. I have personal knowledge of the facts set forth in this Declaration and would and could competently testify to the following.

3. In this Bankruptcy Case, a third party vendor filed certain documents on behalf of the Movant which contained personal information which should have been redacted under Bankruptcy Rule 9037.

4. This Bankruptcy Case was subsequently closed.

5. Movant hereby certifies that the Unredacted Document referenced herein contained personal data identifiers and that reopening the Bankruptcy Case for the purpose of restricting the personal data identifiers from the public is appropriate pursuant to Sections 107 and 350 of the Bankruptcy Code and Bankruptcy Rule 9037.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed February 10, 2014 at Costa Mesa, California.

                                                /s/ Caroline R. Djang
                                                Caroline R. Djang

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on February 10, 2014, the foregoing NOTICE OF MOTION AND MOTION OF CAPITAL ONE AUTO FINANCE FOR ENTRY OF AN ORDER (1) REOPENING CASE, (2) RESTRICTING PUBLIC ACCESS TO UNREDACTED DOCUMENTS, AND (3) TO RE-CLOSING BANKRUPTCY CASE will be electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all registered users.

I further certify under penalty of perjury that on February 10, 2014 a true and correct copy of the foregoing NOTICE OF MOTION AND MOTION OF CAPITAL ONE AUTO FINANCE FOR ENTRY OF AN ORDER (1) REOPENING CASE, (2) RESTRICTING PUBLIC ACCESS TO UNREDACTED DOCUMENTS, AND (3) TO RE-CLOSING BANKRUPTCY CASE will be served on by first-class U.S. Mail, postage pre-paid upon the following:

Leigh Andrea Barnett
POB 360
Grand Coteau, LA 70541
*Debtor(s)*

Patrick L. Forte
Law Offices of Patrick L. Forte
1 Kaiser Plaza #480
Oakland, CA 94612-3610
*Counsel to the Debtor(s)*

Martha G. Bronitsky
P.O. Box 9077
Pleasanton, CA 94566
*Case Trustee*

Office of The United States Trustee
1301 Clay Street
Suite 690N
Oakland, CA 94612-5217

/s/ Caroline R. Djang
Caroline R. Djang